IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-473

Filed: 16 June 2020

Orange County, No. 18 CRS 700389

STATE OF NORTH CAROLINA

v.

DEMON HAMER

Appeal by defendant from judgment entered 29 November 2018 by Judge Michael J. O'Foghludha in Orange County Superior Court. Heard in the Court of Appeals 3 December 2019.

*Attorney General Joshua H. Stein, by Assistant Attorney General Ann Stone, for the State.*

*W. Michael Spivey for defendant-appellant.*

ZACHARY, Judge.

Defendant Demon Hamer appeals from a judgment entered upon the trial court's verdict finding Defendant guilty of speeding 94 miles per hour in a 65-mile-per-hour zone. On appeal, Defendant argues that the trial court erred in conducting a bench trial because Defendant did not knowingly and voluntarily waive his right to a trial by jury. After careful review, we affirm.

**Background**

On 12 January 2018, Trooper Michael Dodson of the North Carolina State Highway Patrol stopped Defendant on I-40 for speeding. Trooper Dodson issued a citation charging Defendant with (i) speeding 94 miles per hour in a 65-mile-per-hour zone, and (ii) reckless driving.

On 26 July 2018, Defendant's case came on for trial before the Honorable Beverly Scarlett in Orange County District Court. The State dismissed the reckless driving charge and proceeded solely on the speeding charge – a Class III misdemeanor. That day, the district court found Defendant guilty of the speeding charge, and entered judgment ordering Defendant to pay costs and a $50 fine.[1] On 6 August 2018, Defendant filed a *pro se* written notice of appeal seeking a trial de novo in Orange County Superior Court. The superior court treated Defendant's filing as a petition for writ of certiorari, which the court allowed.

On 29 November 2018, Defendant's trial de novo commenced in Orange County Superior Court before the Honorable Michael J. O'Foghludha. At the outset, the superior court confirmed with defense counsel that Defendant was waiving his right to a jury trial.

The superior court accepted the waiver, and the trial proceeded. After the State rested, the superior court personally addressed Defendant regarding the waiver

---

[1] We are unable to ascertain how Defendant pleaded before the district court. The district court's judgment indicates that Defendant pleaded "guilty/resp." Yet, when discussing a jurisdictional question with counsel immediately before Defendant's 29 November 2018 trial, the superior court noted that Defendant had pleaded "not guilty" to both charges before the district court.

of his right to a jury trial. The defense then put on its case-in-chief. At the conclusion of trial, the superior court found Defendant guilty of speeding 94 miles per hour in a 65-mile-per-hour zone. Defendant timely filed written notice of appeal.

## Discussion

On appeal, Defendant argues that the trial court erred in conducting a bench trial because the record fails to establish that Defendant knowingly and voluntarily waived his constitutional right to a trial by jury. We disagree.

A. <u>The Constitutional Right to a Jury Trial</u>

As Defendant correctly observes, it is not the United States Constitution, but rather the North Carolina Constitution, that guarantees the right at issue in this case. The United States Supreme Court has held that although "the Sixth Amendment, as applied to the States through the Fourteenth, requires that defendants accused of serious crimes be afforded the right to trial by jury[,] . . . so-called 'petty offenses' may be tried without a jury." *Baldwin v. New York*, 399 U.S. 66, 68, 26 L. Ed. 2d 437, 440 (1970). With regard to the Sixth Amendment, "no offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." *Id.* at 69, 26 L. Ed. 2d at 440.

In the instant case, Defendant was convicted of a Class 3 misdemeanor punishable by a maximum of 20 days' imprisonment, to wit: speeding 94 miles per hour in a 65-mile-per-hour zone in violation of N.C. Gen. Stat. § 20-141(j1) (2019).

*See also id.* § 15A-1340.23(c). Accordingly, as Defendant concedes, "the Sixth Amendment guarantee of a jury trial does not apply in this case."

North Carolina, however, "has historically mandated trial by jury in *all* criminal cases." *State v. Boderick*, 258 N.C. App. 516, 522, 812 S.E.2d 889, 893 (2018) (emphasis added) (citation omitted). Moreover, contrary to the right afforded by the Sixth Amendment, the right to a jury trial guaranteed by our state constitution historically could not be waived. *Id.* (citation and internal quotation marks omitted). That changed on 1 December 2014, when "the North Carolina Constitution was amended by the citizens of North Carolina to allow criminal defendants to waive their right to a trial by jury in non-capital cases." *State v. Jones*, 248 N.C. App. 418, 421, 789 S.E.2d 651, 654 (2016).

As amended, article I, § 24 of the North Carolina Constitution provides:

> No person shall be convicted of any crime but by the unanimous verdict of a jury in open court, except that a person accused of any criminal offense for which the State is not seeking a sentence of death in superior court may, in writing or on the record in the court and with the consent of the trial judge, waive jury trial, subject to procedures prescribed by the General Assembly. The General Assembly may, however, provide for other means of trial for misdemeanors, with the right of appeal for trial de novo.

N.C. Const. art. I, § 24.

Our General Assembly codified the 2014 constitutional amendment in N.C. Gen. Stat. § 15A-1201(a)-(b). *See* 2013 N.C. Sess. Laws 300-399, § 4. The legislature

subsequently amended § 15A-1201 to include subsections (c) through (f), thereby prescribing the procedures that apply when a defendant seeks to waive the right to a jury trial. *See Boderick*, 258 N.C. App. at 522-23, 812 S.E.2d at 894 (citing 2015 N.C. Sess. Laws 289-215, § 1; N.C. Gen. Stat. § 15A-1201 (c)-(f) (2015)).

B. <u>Standard of Review</u>

In order to prove that the trial court erred by accepting his waiver of the right to a jury trial, Defendant must show (1) that the trial court violated the waiver requirements set forth in N.C. Gen. Stat. § 15A-1201, and (2) that Defendant was prejudiced by the error. *State v. Swink*, 252 N.C. App. 218, 221, 797 S.E.2d 330, 332, *appeal dismissed and disc. review denied*, 369 N.C. 754, 799 S.E.2d 870 (2017).

We note that Defendant did not object to the trial court's action below, and generally, this Court will not address an issue that has not yet been considered and ruled upon by the trial court. *See* N.C.R. App. P. 10(a)(1). "Nonetheless, it is well established that when a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding [the] defendant's failure to object at trial." *In re E.D.*, 372 N.C. 111, 116, 827 S.E.2d 450, 454 (2019) (citations and internal quotation marks omitted).[2]

---

[2] Our Supreme Court recently clarified the scope of the longstanding "rule that a statute's mandate must be directed to the trial court in order to automatically preserve a statutory violation as an issue for appellate review[.]" *In re E.D.*, 372 N.C. at 117, 827 S.E.2d at 454. "[A] statutory mandate that automatically preserves an issue for appellate review is one that, either: (1) requires a specific act by a trial judge, or (2) leaves no doubt that the legislature intended to place the responsibility on the

Whether the trial court violated a statutory mandate is a question of law, which we review de novo on appeal. *State v. Rutledge*, __ N.C. App. __, __, 832 S.E.2d 745, 747 (2019).

C. Waiver of the Right to Trial by Jury

N.C. Gen. Stat. § 15A-1201(b)—the waiver provision—states, in pertinent part:

> A defendant accused of any criminal offense for which the State is not seeking a sentence of death in superior court may, knowingly and voluntarily, in writing or on the record in the court and with the consent of the trial judge, waive the right to trial by jury. When a defendant waives the right to trial by jury under this section, the jury is dispensed with as provided by law, and the whole matter of law and fact . . . shall be heard and judgment given by the court.

N.C. Gen. Stat. § 15A-1201(b).

A defendant shall provide notice of his intent to waive the right to a jury trial by any of the following methods:

> (1) Stipulation, which may be conditioned on each party's consent to the trial judge, signed by both the State and the defendant . . . .

---

judge presiding at the trial, or at specific courtroom proceedings that the trial judge has authority to direct[.]" *Id.* at 121, 827 S.E.2d at 457 (citations and quotation marks omitted).

Here, a plain reading of N.C. Gen. Stat. § 15A-1201 "leaves no doubt that the legislature intended to place" certain responsibilities on, and require specific acts by, the presiding judge in considering a defendant's waiver of the right to a jury trial. *Id.* (citation and quotation marks omitted); *see also* N.C. Gen. Stat. § 15A-1201(d) (providing that "[t]he decision to grant or deny the defendant's request for a bench trial shall be made by the judge who will actually preside over the trial[,]" and setting forth acts that "the trial judge *shall do*" prior to "consenting to a defendant's waiver of the right to a trial by jury" (emphasis added)). Consequently, appellate review of this issue is preserved, notwithstanding Defendant's failure to object at trial.

(2) Filing a written notice of intent to waive a jury trial with the court and serving on the State . . . within the earliest of (i) 10 working days after arraignment, (ii) 10 working days after service of a calendar setting under G.S. 7A-49.4(b), or (iii) 10 working days after the setting of a definite trial date under G.S. 7A-49.4(c).

(3) Giving notice of intent to waive a jury trial on the record in open court by the earlier of (i) the time of arraignment or (ii) the calling of the calendar under G.S. 7A-49.4(b) or G.S. 7A-49.4(c).

*Id.* § 15A-1201(c).

After the defendant gives notice of his intent to waive his right to a jury trial, "the State shall schedule the matter to be heard in open court to determine whether the judge agrees to hear the case without a jury." *Id.* § 15A-1201(d). "The decision to grant or deny the defendant's request for a bench trial shall be made by the judge who will actually preside over the trial." *Id.*

Before consenting to a defendant's waiver of the right to a trial by jury, the trial judge shall do all of the following:

(1) Address the defendant personally and determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury.

(2) Determine whether the State objects to the waiver and, if so, why. Consider the arguments presented by both the State and the defendant regarding the defendant's waiver of a jury trial.

*Id.*

Here, it is unclear how Defendant first provided notice of his intent to waive his right to a jury trial pursuant to N.C. Gen. Stat. § 15A-1201(c).[3] It is evident, however, that all parties were aware of Defendant's intent, as this was the initial matter raised before trial:

> [THE STATE]: Your Honor, whenever you are ready, we can address [Defendant] . . . . He is charged with speeding 94 in a 65 and reckless driving.
>
> THE COURT: All right. So this is a bench trial; correct?
>
> [THE STATE]: Yes, sir. And I understand it –
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
>    . . . .
>
> THE COURT: Okay. So first of all, just technically, the defendant is waiving a jury trial?
>
> [DEFENSE COUNSEL]: That's correct, Your Honor.
>
> THE COURT: Okay. And I presume that there is a statute that allows that?
>
> [DEFENSE COUNSEL]: That is correct, Your Honor. We have – the State and I have – the State has consented. We have – there is no disagreement about the bench trial.
>
> THE COURT: Is it the same statute that says that Class I felonies can be waived? Is it under that same statute?
>
>    . . . .

---

[3] The record contains neither signed stipulations in accordance with subsection (c)(1), nor written notice in accordance with subsection (c)(2). Although the transcript evinces that the parties had consented to Defendant's waiver of a jury trial, there is no evidence of when or how this occurred, or whether Defendant properly gave notice pursuant to subsection (c)(3).

> [DEFENSE COUNSEL]: It's 15A-1201 subsection (b).
>
> THE COURT: Thank you, sir. So just as a technical matter . . . that's accepted by the Court under that statute since the State consents.

The State then dismissed Defendant's reckless driving charge, but challenged the superior court's jurisdiction over the case, due to the timeliness of Defendant's notice of appeal from district court. Noting that Defendant had attempted to appeal in open court, the trial court opted to treat Defendant's filing as a petition for writ of certiorari and conduct a bench trial on the speeding charge:

> THE COURT: Okay. Now . . . before we start, . . . can we do this without – and I will do it with any formality you would like – but can we treat it like a district court trial and simply hear the evidence and have me rule? Is there any objection to that? We don't have to go through any extra procedural hoops?
>
> [THE STATE]: Your Honor, the State would prefer that. [Defense counsel] has filed a motion for complete recordation, which includes pretrial hearings, motions hearings, bench conferences, opening statements, and closing arguments.
>
> THE COURT: Well, that would be allowed.

The State then proceeded with its case-in-chief. Later, however, after the State rested, but before the defense presented evidence, the trial court recognized its duty under N.C. Gen. Stat. § 15A-1201(d)(1) to "[a]ddress . . . [D]efendant personally and

determine whether [he] fully underst[ood] and appreciate[d] the consequences of [his]

decision to waive the right to trial by jury":

> THE COURT: Okay. Hold on just one second. . . .
>
> I was just reading . . . 15A-1201, we complied completely with that statute with the exception of the fact that I'm supposed to personally address the defendant and ask if he waives a jury trial and understands the consequences of that. Would you just explain that to your client.
>
> (Pause in proceedings while [defense counsel] consulted with [Defendant].)
>
> [DEFENSE COUNSEL]: Okay, Your Honor.
>
> . . . .
>
> THE COURT: Mr. Hamer, I just have to comply with the law and ask you a couple of questions. That statute allows you to waive a jury trial. That's 15A-1201. Your defendant (sic) has waived it on your behalf. The State has consented to that. Do you consent to that also?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: And you understand that the State has dismissed the careless and reckless driving. The only allegation against you is the speeding, and that is a Class III misdemeanor. It does carry a possible fine. And under certain circumstances it does carry [the] possibility of a 20-day jail sentence. Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: All right. Is that acceptable to you?
>
> DEFENDANT: Yes, sir. I feel confident it was.

THE COURT: Thank you so much. You may have a seat.

Defendant asserts, and we agree, that the trial court erred by failing to adhere to the procedures prescribed by our General Assembly in N.C. Gen. Stat. § 15A-1201(d). At the outset of the proceedings, the trial court sought confirmation that "this [wa]s a bench trial" and that Defendant was "waiving a jury trial[.]" Defense counsel affirmed, noting that the State had consented to Defendant's waiver, and there was "no disagreement about the bench trial." After a brief discussion about waiver pursuant to N.C. Gen. Stat. § 15A-1201, the trial court announced that it "accepted [Defendant's waiver] . . . since the State consents." The trial court thus erroneously commenced a bench trial without first personally addressing Defendant to determine whether he fully understood and appreciated the consequences of that decision, in violation of N.C. Gen. Stat. § 15A-1201(d)(1).

The statutory requirements are clear: "[b]*efore consenting* to a defendant's waiver of the right to a trial by jury, the trial judge *shall*": (1) personally address the defendant to determine whether he "fully understands and appreciates the consequences of [his] decision to waive the right to trial by jury"; and (2) "[d]etermine whether the State objects to the waiver and, if so, why. Consider the arguments presented by both the State and the defendant regarding the defendant's waiver of a jury trial." N.C. Gen. Stat. § 15A-1201(d) (emphases added). In failing to conduct the

statutorily mandated colloquy with Defendant before consenting to his waiver of a jury trial, the trial court violated N.C. Gen. Stat. § 15A-1201(d)(1).

However, we cannot agree with Defendant that "the trial court did not comply with Section 15A-1201(d) *at all*." (Emphasis added.) Nor do we agree with Defendant that "the record does not reflect that [he] knowingly and voluntarily waived his right to a jury trial because the court made no inquiry at all of him." These contentions are disingenuous and lack merit.

The transcript very clearly refutes Defendant's repeated assertions that the trial court altogether failed to address him. For example, Defendant broadly contends, without context or qualification, that "the trial court made no inquiry of [him] to determine whether he wanted to give up his right to a jury trial or whether he had been pressured or promised anything in exchange for doing so." This is simply not the case.

Despite the trial court's initial untimely and improper colloquy with defense counsel, the court did eventually conduct the requisite waiver colloquy with Defendant. When the trial court later addressed Defendant following the State's presentation of evidence, the court provided Defendant time to confer with his attorney to discuss the consequences of his decision to waive a jury trial. Thereafter, the trial court personally addressed Defendant and asked whether he waived his right to a jury trial, explained the pending charge and potential consequences of

conviction, and confirmed that Defendant understood. At the conclusion of the colloquy, Defendant stated that he felt "confident" that the procedures were "acceptable."

"Neither N.C. Gen. Stat. § 15A-1201(d)(1) nor applicable case law has established a script for the colloquy that should occur between a superior court judge and a defendant seeking to exercise his right to waive a jury trial." *Rutledge*, __ N.C. App. at __, 832 S.E.2d at 748. Beyond that which is expressly prescribed by statute, "[n]o . . . specific inquiries are required" for the trial court to determine whether the defendant understands and appreciates the consequences of the decision to waive a jury trial. *Id.* "This Court will not read such further specifications into law." *Id.*

Defendant correctly observes that in *State v. Swink*, 252 N.C. App. 218, 797 S.E.2d 330 (2017), this Court "considered the sufficiency of the trial court's inquiry to determine whether a defendant's jury waiver was knowing and voluntary under our amended Constitution." By its own terms, however, *Swink* is inapposite here. At the time that the *Swink* defendant made his waiver before the trial court, the General Assembly had not yet "prescribed any specific procedures for waiver" of the right to trial by jury. 252 N.C. App. at 224 n.2, 797 S.E.2d at 334 n.2. Thus, in evaluating whether the trial court "conduct[ed] an adequate inquiry into whether he made a knowing and voluntary waiver of his right" to a trial by jury, *id.* at 223, 797 S.E.2d at 334, this Court "rel[ied] upon existing law in analogous situations to resolve th[e]

case, while acknowledging the limited scope of cases" to which its holding might apply, *id.* at 224 n.2, 797 S.E.2d at 334 n.2.[4]  Unlike in *Swink*, in the present case, we have the benefit of our General Assembly's 2015 amendment to N.C. Gen. Stat. § 15A-1201, which provided "further guidance on the waiver procedure[.]"  *Id.*

For the reasons explained above, we conclude that the trial court erred by failing to conduct the statutorily mandated colloquy with Defendant before consenting to his waiver of the right to trial by jury, in violation of N.C. Gen. Stat. § 15A-1201(d).  We overrule the remainder of Defendant's arguments concerning the sufficiency of the trial court's inquiry in determining whether his waiver was knowing and voluntary.

D.  Prejudice

Despite the trial court's error, "a new trial does not necessarily follow a violation of [a] statutory mandate.  Defendants must show not only that a statutory violation occurred, but also that they were prejudiced by this violation."  *Rutledge*, __ N.C. App. at __, 832 S.E.2d at 750 (citation omitted).  In order to meet his burden of demonstrating prejudice, Defendant must establish that "there is a reasonable

---

[4] For example, the *Swink* Court relied upon Fourth Circuit jurisprudence for guidance, noting that "[f]ederal courts interpreting the United States Constitution similarly are required to find whether a defendant's waiver of his Sixth Amendment right to a trial by jury is knowing, voluntary, and intelligent." 252 N.C. App. at 224, 797 S.E.2d at 334 (citing *United States v. Boynes*, 515 F.3d 284, 286 (4th Cir. 2008)).  *But see Baldwin*, 399 U.S. at 68-69, 26 L. Ed. 2d at 440 (distinguishing between "serious crimes" and "petty offenses" for purposes of determining whether the Sixth Amendment right to trial by jury applies).

- 14 -

possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a).

Here, Defendant asserts that, absent the trial court's error in consenting to his waiver and conducting a bench trial, "[t]here is a reasonable possibility that at least one of twelve jurors would have had a reasonable doubt and voted to acquit" him of speeding. We disagree.

At trial, Defendant sought to impeach the testimony provided by the officers who clocked his speed and issued his citation; he also challenged the State Highway Patrol's failure to retain video footage of the stop captured by the dashboard camera in Trooper Dodson's patrol vehicle. However, as the State noted in closing, Defendant "took the stand and didn't even contest the speed. The evidence is that he was speeding. He admitted that he was driving." Indeed, Defendant did not refute that he was the driver of the car, *or that he was speeding 94 miles per hour in a 65-mile-per-hour zone*, nor does he challenge these essential elements on appeal.

Accordingly, Defendant fails to establish "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at" a jury trial in this matter. N.C. Gen. Stat. § 15A-1443(a).

**Conclusion**

Despite the trial court's initial noncompliance with N.C. Gen. Stat. § 15A-1201's waiver requirements, the trial court subsequently recognized its error and took affirmative steps to correct it. Although untimely, the trial court's subsequent colloquy with Defendant satisfied the procedural requirements of subsection (d)(1). In any case, Defendant is not entitled to relief, because he cannot meet his burden of demonstrating prejudice pursuant to N.C. Gen. Stat. § 15A-1443(a).

We therefore affirm the trial court's judgment.

AFFIRMED.

Judge DIETZ concurs.

Chief Judge McGEE dissents by separate opinion.

McGEE, Chief Judge, dissenting.

I first note that although Defendant in this case was convicted of the "Class 3 misdemeanor" of "driv[ing] a vehicle on a highway at a speed that is . . . over 80 miles per hour[,]" N.C.G.S. § 20-141(j1) (2019), and the consequences to Defendant in this case are relatively minor, the precedent set will apply equally to a defendant charged with a serious crime, so long as the State is not seeking the death penalty. Because I believe the relevant requirements set forth in N.C.G.S. § 15A-1201 (2019) are incorporated into the constitutional mandates of N.C. Const. art. I, § 24, I would hold that the mid-trial colloquy between Defendant and the trial court was insufficient to protect Defendant's constitutional right to a jury trial as provided in art. I, § 24.

Article I, § 24 of the North Carolina Constitution provides:

> No person shall be convicted of any crime but by the unanimous verdict of a jury in open court, except that *a person accused of any criminal offense* for which the State is not seeking a sentence of death in superior court *may,* in writing or *on the record in the court and with the consent of the trial judge*, waive jury trial, *subject to procedures prescribed by the General Assembly*.

N.C. Const. art. I, § 24 (2019) (emphasis added). By the plain language of art. I, § 24, our constitution demands that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court" *unless* the waiver conditions of art. I, § 24 are met. Nothing in art. I, § 24 suggests any of the material requirements included may be waived or that violations may be subjected to regular harmless error review. If a defendant, the State, or the trial court, fails to adhere to *all* the required material

conditions set forth in art. I, § 24, the defendant's attempt to waive the constitutional right to a jury trial has *failed*, *no waiver has occurred*, the *constitutional mandate* that the defendant may *only* be convicted by "the unanimous verdict of a jury in open court" remains, and the defendant is in the same position as were defendants prior to the 2014 and 2015 amendments of art. I, § 24 (the "amendments"). Therefore, I believe precedent set prior to these amendments of art. I, § 24 is still binding in any case where the defendant's right to a jury trial has not been constitutionally waived—whether by a defendant's choice, or by any failure to adhere to the constitutional "procedures" required by art. I, § 24, and set forth, in part, in N.C.G.S. § 15A-1201. In this case, it is undisputed that Defendant's trial had proceeded through the close of the State's evidence with no jury present, even though there had not been a constitutionally sufficient waiver of Defendant's right to a jury trial. Because material requirements of N.C.G.S. § 15A-1201—and thus constitutional requirements of art. I, § 24—had not been met, the trial court had not and, constitutionally, could not, have consented to Defendant's attempted waiver, either prior to trial, or after the close of the State's evidence. As a result, a large portion of Defendant's trial was conducted without any constitutionally constituted trier of fact. I therefore dissent.

## I. Law of art. I, § 24 Prior to Amendment

Because I believe precedent created prior to the amendment of art. I, § 24 continues to apply to cases in which the defendant has not waived the right to a jury trial pursuant to the constitutional requirements set forth in art. I, § 24, I review the pre-amendment precedent. "There are few principles more vitally important to our system of criminal justice than the right to trial by [a properly constituted] impartial jury. The framers of [the North Carolina] Constitution highly valued the insulation of justice from the power of government that results from trial by a jury of one's peers." *Cox v. Turlington*, 648 F. Supp. 1553, 1555 (E.D.N.C. 1986) (citation omitted).

Prior to the 2014 amendment, art. I, § 24 stated: "No person shall be convicted of any crime but by the unanimous verdict of a jury in open court. The General Assembly may, however, provide for other means of trial for misdemeanors, with the right of appeal for trial de novo." N.C. Const. art. I, § 24 (2013). As recognized by the United States Supreme Court and our Supreme Court, the right to a "trial by jury in criminal cases is fundamental to the American scheme of justice[.]" *Duncan v. State of La.*, 391 U.S. 145, 149, 20 L. Ed. 2d 491, 496 (1968). The right to a jury trial in criminal cases "is among those 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions,' . . . it is 'basic in our system of jurisprudence,' and [] it is 'a fundamental right, essential to a fair trial[.]'" *Id.* at 148–49, 20 L. Ed. 2d at 496 (citations and quotation marks omitted); *State v. Ford*, 281 N.C. 62, 66, 187 S.E.2d 741, 744 (1972). "'We cannot presume a waiver of . . .

3

important federal rights from a silent record.  What is at stake for an accused facing

. . . imprisonment demands the utmost solicitude of which courts are capable in

canvassing the matter with the accused to make sure he has a full understanding of

what the plea connotes and of its consequence.'" *Id.*

A. *Only Twelve Jurors Make a Jury, No Waiver of Jury Trial*

Although not specifically required by the language of art. I, § 24, our Supreme

Court recognized additional constitutional requirements concerning art. I, § 24.  The

fundamental rights guaranteed by art. I, § 24 have been long established:

> It is a fundamental principle of the common law, declared
> in Magna Charta and incorporated in our Declaration of
> Rights, that "(n)o person shall be convicted of any crime but
> by the unanimous verdict of a jury in open court."  N.C.
> Const., art. I, [§] 24 (1971).
>
> It is elementary that the jury provided by law for [ ] trial
> . . . [must be] *composed of twelve persons*; a less number is
> not a jury.  It is equally rudimentary that a trial by jury in
> a criminal action cannot be waived by the accused in the
> Superior Court as long as his plea remains "not guilty."

*State v. Hudson*, 280 N.C. 74, 79, 185 S.E.2d 189, 192 (1971) (citations omitted)

(emphasis added); *State v. Poindexter*, 353 N.C. 440, 443, 545 S.E.2d 414, 416 (2001)

(citations omitted) ("Article I, Section 24 of the North Carolina Constitution, which

guarantees the right to trial by jury, contemplates no more or no less than a jury of

twelve persons."); *State v. Norman*, 276 N.C. 75, 79–80, 170 S.E.2d 923, 926 (1969)

(Unconstitutional violation of the right to a jury trial found in statute where "[t]he

4

judge was authorized to pass upon the weight and sufficiency of the evidence, and if it satisfied him beyond a reasonable doubt of the defendant's guilt, he was authorized to proceed to judgment and sentence upon the plea entered in like manner as upon a conviction by a jury."). The only exception was plainly set forth in art. I, § 24 itself: "In this State, the only exception to the rule that 'nothing can be a conviction but the verdict of a jury' is the constitutional authority granted the General Assembly to provide for the initial trial of misdemeanors in inferior courts without a jury, with trial de novo by a jury upon appeal. N.C. Const., art. I, [§] 24 (1971)." *Hudson*, 280 N.C. at 79, 185 S.E.2d at 192 (citation omitted).

B. *Properly Constituted Jury; the Same Twelve Jurors Must Decide Guilt or Innocence; Structural Error*

Prior to the amendments, unless a defendant pleaded guilty, only a properly constituted jury of twelve jurors—all of whom had operated as the finders of fact for the entire trial—could convict a defendant of a criminal offense in superior court. Violation of the right that a verdict could only be rendered by a properly constituted jury, consisting of the same twelve jurors, resulted in "structural error" requiring a new trial. "Structural error is a rare form of constitutional error resulting from structural defects in the constitution of the trial mechanism which are so serious that a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." *State v. Thompson*, 359 N.C. 77, 86, 604 S.E.2d 850, 860 (2004)

(citations and quotation marks omitted).  Conviction by an improperly constituted

jury did not require a showing of prejudice:

> A trial by a jury that is improperly constituted is so
> fundamentally flawed that the verdict cannot stand.  In
> *Bindyke*, 288 N.C. at 627, 220 S.E.2d at 533, this Court
> held that a violation of a defendant's constitutional right to
> have the verdict determined by twelve jurors constituted
> error *per se*.  Accordingly, this case is not subject to
> harmless error analysis; and defendant is entitled to a new
> trial.

*Poindexter*, 353 N.C. at 444, 545 S.E.2d at 416 (citation omitted); *State v. Bunning*,

346 N.C. 253, 257, 485 S.E.2d 290, 292 (1997) (citation omitted) ("The State contends

that if there is error, we should apply a harmless error analysis.  This we cannot do.

A trial by a jury which is improperly constituted is so fundamentally flawed that the

verdict cannot stand.").

However, this Court noted that precedent of our Supreme Court

> demonstrate[ed] that a violation of Article I, Section 24
> require[ed] automatic reversal only where a jury was
> "improperly constituted" in terms of its numerical
> composition.  In other words, where the verdict was
> rendered by a jury of less than twelve fully-participating
> jurors, as in *Hudson, Bunning*, and *Poindexter*, the verdict
> is a nullity.  However, *Ashe* demonstrates that a violation
> of Article I, Section 24 is subject to harmless error review
> where the error did not affect the numerical structure of
> the jury, but rather resulted in jurors acting on unequal
> instructions from the trial court in reaching a verdict.

*State v. Wilson*, 192 N.C. App. 359, 368-69, 665 S.E.2d 751, 756 (2008).  If a violation

of art. I, § 24 did not result from an "improperly constituted" jury, *constitutional*

6

harmless error analysis applied—this Court could "sustain the defendant's conviction only if the State prove[d] beyond a reasonable doubt that the error in the defendant's case was harmless." *Id.* at 369, 665 S.E.2d at 756 (citations omitted).

Further, it was the duty of this Court to ensure a defendant's right to a trial by jury, as required by art. I, § 24 and related precedent, was not violated, *ex mero motu* if needed:

> Although defendant has not assigned it as error, and the Attorney General has ignored it, we must, *ex mero motu*, take notice of a fatal defect appearing upon the face of the record. Between the conclusion of the evidence and the judge's charge to the jury, a juror became ill and had to be excused. Whereupon, defendant and his trial counsel, . . . "waived trial by twelve." They agreed that the eleven remaining jurors might pass upon defendant's guilt or innocence and that defendant would be bound by their verdict. The trial then proceeded with eleven jurors who "returned a verdict of guilty as charged."

*Hudson*, 280 N.C. at 78, 185 S.E.2d at 192 (overturning the defendant's assault with intent to commit rape conviction). Our Supreme Court concluded: "The verdict in this cause is . . . a nullity despite defendant's failure to assign his conviction by eleven jurors as error. If imprisoned under the sentence imposed defendant would be entitled to his release upon a writ of habeas corpus[.]" *Id.* at 80, 185 S.E.2d at 193; *see also State v. Garcia*, 358 N.C. 382, 409, 597 S.E.2d 724, 744 (2004) (a "defendant's remedy for structural error is not dependent upon harmless error analysis; rather, such errors are reversible *per se*"); *id.* (citation omitted) ("'[t]he very premise of

structural-error review is that even convictions reflecting the "right" result are reversed for the sake of protecting a basic right'").

The General Assembly enacted N.C.G.S. § 15A-1201 in 1977, as a statutory recognition of art. I, § 24. Prior to the amendments, N.C.G.S. § 15A-1201 stated:

> In all criminal cases the defendant has the right to be tried by a *jury of 12 whose verdict must be unanimous*. In the district court the judge is the finder of fact in criminal cases, but the defendant has the right to appeal for trial de novo in superior court as provided in G.S. 15A-1431. In superior court *all criminal trials in which the defendant enters a plea of not guilty must be tried before a jury*.

N.C.G.S. § 15A-1201 (2013) (emphasis added). Because of a defendants' art. I, § 24 right to a jury trial for all criminal charges in superior court, prior to the amendments a judge in superior court could never assume the functions of a jury without violating art. I, § 24 and committing structural error. *State v. Boderick*, 258 N.C. App. 516, 523, 812 S.E.2d 889, 894 (2018) (citation omitted) (Under "the pre-amendment version of Article I, Section 24 . . . the defendant [could] not be convicted 'but by the unanimous verdict of a jury[.]' N.C. Const. art. I, § 24 (2014). This [wa]s the case despite the defendant's and the State's attempt to stipulate otherwise.").

B. *Amendments to Art. I, § 24 and N.C.G.S. § 15A-1201*

1. Art. I, § 24

The 2014 amendment of art. I, § 24 carved out a single exception to this principle to permit a bench trial pursuant to a defendant's properly executed waiver

of the right to a jury trial, but only if the trial court properly "consents" to the waiver. Absent a properly executed and accepted waiver of the right, I believe the pre-amendment precedents and supporting reasoning, including those cited above, are still controlling law. As amended, art. I, § 24 now states:

> No person shall be convicted of any crime but by the unanimous verdict of a jury in open court, *except* that a person accused of any criminal offense for which the State is not seeking a sentence of death in superior court may, in writing or on the record in the court and with the consent of the trial judge, waive jury trial, subject to procedures prescribed by the General Assembly. The General Assembly may, however, provide for other means of trial for misdemeanors, with the right of appeal for trial de novo.

N.C. Const. art. I, § 24 (2019) (emphasis added).

2. 2014 Amendment of N.C.G.S. § 15A-1201

As noted in the majority opinion, congruent with the passage of the constitutional amendment of art. I, § 24, the General Assembly enacted the additional constitutional "procedures" for waiver of a jury trial under art. I, § 24, effective 1 December 2014. *See* 2013 N.C. Sess. Laws 300, §§ 4 and 5; N.C.G.S. §§ 15A-1201(a) and (b) (2014). The 2014 legislation set the following "procedures" for waiver of a jury trial as required by art. I, § 24, adding the underlined portion of subsection (a) and all of subsection (b):

> (a) In all criminal cases the defendant has the right to be tried by a jury of 12 whose verdict must be unanimous. In the district court the judge is the finder of fact in criminal cases, but the defendant has the right to appeal for trial de

9

> novo in superior court as provided in G.S. 15A-1431. In superior court all criminal trials in which the defendant enters a plea of not guilty must be tried before a jury, <u>unless the defendant waives the right to a jury trial, as provided in subsection (b) of this section</u>.
>
> (b) A defendant accused of any criminal offense for which the State is not seeking a sentence of death in superior court may, knowingly and voluntarily, in writing *or* on the record in the court and with the consent of the trial judge, waive the right to trial by jury. When a defendant waives the right to trial by jury under this section, the jury is dispensed with as provided by law, and the whole matter of law and fact shall be heard and judgment given by the court.

N.C.G.S. § 15A-1201 (effective 1 December 2014 to 30 September 2015) (emphasis added). N.C.G.S. § 15A-1201(a) states the constitutional requirement that all criminal charges must be decided by a jury trial, and the common law interpretation that the jury must consist of twelve jurors, but added the conditional right of a defendant to waive trial by jury, so long as all the requirements set forth in subsection (b) and art. I, § 24 are met.[5]

In response to the 2014 amendment of art. I, § 24, N.C.G.S. § 15A-1201(b) was added to set forth constitutionally required "procedures" for waiver of a jury trial: (1) the defendant's waiver must be in writing *or* be made in the trial court, and on the record, N.C. Const. art. I, § 24; and (2) the same trial judge must consent to waiver and agree to conduct the entire trial as the trier of fact. *Id.* In addition to these

---

[5] The later amendments to N.C.G.S. § 15A-1201, discussed below, did not alter sections (a) and (b). *See* 2015 N.C. Sess. Laws 289, § 1, eff. Oct. 1, 2015.

10

requirements contained in the language of art. I, § 24, N.C.G.S. § 15A-1201(b) added the common law constitutional requirements: (1) the defendant's waiver must be "knowingly and voluntarily" made, which is a determination for the trial court, and (2) "the whole matter of law and fact, to include all factors referred to in N.C.G.S. § 20-179 and subsections (a1) and (a3) of N.C.G.S. § 15A-1340.16 [sentencing factors], *shall* be heard *and* judgment given by the court." N.C.G.S. § 15A-1201(b) (emphasis added).[6]

The 2014 amendment of N.C.G.S. § 15A-1201 left to the discretion of the trial court, guided by relevant precedent, the specific procedures necessary to ensure a defendant's waiver of the right to a jury trial was "knowing and voluntary," and that it was "in writing or on the record in the court"—as well as, of course, the requirement that the trial court "consent" to the waiver request. It is clear that a statute has to be construed, if possible, to include all constitutional requirements, even if they are not expressly included in the statute. *See State v. Summrell*, 282 N.C. 157, 167, 168, 192 S.E.2d 569, 575, 576 (1972), *overruled on other grounds by State v. Barnes*, 324 N.C. 539, 380 S.E.2d 118 (1989).

Therefore, under the amended version of art. I, § 24, there are two potential "properly constituted" finders of fact: (1) a single trial judge, but *only* if the defendant

---

[6] The requirement that the same judge, acting as trier of fact, preside over all material stages of a defendant's trial is, I believe, based upon the same constitutional principles requiring the same twelve jurors be present at all material stages of a trial, excluding *voir dire* examinations and certain other matters of law.

has waived the right to a jury trial pursuant to the requirements of art. I, § 24, and the trial court has properly "consented" to the waiver; and (2) a properly constituted jury, which is required in every case (a.) where the defendant *has not requested* waiver of the right; (b.) where the defendant has not *properly* requested waiver of the right as required by art. I, § 24 and N.C.G.S. § 15A-1201; or (c.) where the trial court has not properly "consented" to a defendant's *conforming* request for waiver pursuant to art. I, § 24 and N.C.G.S. § 15A-1201. N.C. Const. art. I, § 24; N.C.G.S. § 15A-1201. Whether a jury or the trial court acts as the trier of fact, it must be "properly constituted," and the same trier of fact must act in that capacity for all necessary stages of a trial. *See Boderick*, 258 N.C. App. at 524, 812 S.E.2d at 895 (citations omitted) ("Where the error under the previous version of Article I, Section 24 involves a verdict that was rendered by an 'improperly constituted' fact-finder—or in other words, anything less [or more] than twelve unanimous jurors—the error is said to be structural and automatic reversal is mandated.").

3. 2015 Amendment of N.C.G.S. § 15A-1201

The General Assembly again amended N.C.G.S. § 15A-1201 in 2015, adding sections (c) through (f) to the statute, to include more specific "procedures" as required by [] art. I, § 24. 2015 N.C. Sess. Laws 289, § 1, eff. Oct. 1, 2015; *see also Boderick*, 258 N.C. App. at 523, 812 S.E.2d at 894 ("the purpose of the statutory amendment was to supplement § 15A-1201 with additional procedures for a defendant's waiver of

his right to trial by jury"). The following, more specific, procedures were added to

N.C.G.S. § 15A-1201 by the 2015 amendment:

> (c) A defendant seeking to waive the right to trial by jury under subsection (b) of this section *shall* give notice of intent to waive a jury trial by any of the following methods:
>
>> (1) Stipulation, which may be conditioned on each party's consent to the trial judge, *signed* by both the State and the defendant and served on the counsel for any co-defendants.
>>
>> (2) Filing a written notice of intent to waive a jury trial *with the court* and serving on the State and counsel for any co-defendants *within the earliest of* (i) 10 working days after arraignment, (ii) 10 working days after service of a calendar setting under G.S. 7A-49.4(b), or (iii) 10 working days after the setting of a definite trial date under G.S. 7A-49.4(c).
>>
>> (3) Giving notice of intent to waive a jury trial on the record in open court *by the earlier of (i) the time of arraignment or (ii) the calling of the calendar* under G.S. 7A-49.4(b) or G.S. 7A-49.4(c).
>
> (d) Judicial Consent to Jury Waiver.—*Upon notice of waiver by the defense pursuant to subsection* (c) *of this section, the State shall schedule the matter to be heard* in open court to determine whether the judge agrees to hear the case without a jury. *The decision to grant or deny* the defendant's request for a bench trial *shall be made by the judge* who will actually preside over the trial. *Before consenting to a defendant's waiver* of the right to a trial by jury, the *trial judge shall do all of the following*:
>
>> (1) Address the defendant personally and determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury.

13

(2) Determine whether the State objects to the waiver and, if so, why. Consider the arguments presented by both the State and the defendant regarding the defendant's waiver of a jury trial.

(e) Revocation of Waiver.—Once waiver of a jury trial has been made and consented to by the trial judge pursuant to subsection (d) of this section, *the defendant may revoke the waiver one time as of right within 10 business days of the defendant's initial notice* pursuant to subsection (c) of this section if the defendant does so in open court with the State present or in writing to both the State and the judge. In all other circumstances, the defendant may only revoke the waiver of trial by jury upon the trial judge finding the revocation would not cause unreasonable hardship or delay to the State. Once a revocation has been granted pursuant to this subsection, the decision is final and binding.

N.C.G.S. § 15A-1201 (some emphasis added). None of these procedures contemplate a defendant giving notice of waiver, or a trial court consenting to waiver, after trial has commenced. Subsection (e) allows a defendant a single opportunity to withdraw the defendant's waiver as a matter of right and have the charges determined by a jury. If, under subsection (e), a defendant withdraws a properly "consented to" waiver of the right to a jury trial, the defendant cannot "be convicted of [the charges] but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24.

C. *Statutory and Constitutional Requirements After the Amendments*

Even though the amendments created an exception, by the defendant's choice, to the requirement that all criminal trials in superior court must be tried by a jury, a defendant's right to waive the fundamental right to a jury trial is strictly limited by

the "procedures" required by art. I, § 24. Further, the ultimate decision is not the defendant's—it is the duty of the trial court to ensure the defendant's requested waiver will not violate the defendant's rights, nor cause unnecessary burdens on the judicial process.

1. The Right to a Jury Trial Remains a Fundamental Constitutional Right

Art. I, § 24 mandates: "No person shall be convicted of any crime but by the unanimous verdict of a jury in open court[.]" N.C. Const. art. I, § 24. Even after the amendments, if a defendant desires a jury trial in superior court, the defendant does not have to do anything to retain that right. A defendant's constitutional right to a jury trial in superior court exists before any action is taken by the State, and attaches the moment the State commences any criminal action against the defendant. Conformity with the material "procedures" "prescribed by the General Assembly" is just as much a requirement for the constitutional waiver of the right to a jury trial as the "consent of the trial judge" to a defendant's waiver request. N.C. Const. art. I, § 24. Those "procedures" are codified in N.C.G.S. § 15A-1201. It is the trial court's duty to reject a defendant's request to waive a jury trial if the trial court is not convinced the defendant's request has been made "knowingly and voluntarily," and otherwise in accordance with art. I, § 24 and N.C.G.S. § 15A-1201. *State v. Swink*, 252 N.C. App. 218, 224, 797 S.E.2d 330, 334, *appeal dismissed and disc. review denied*, 369 N.C. 754, 799 S.E.2d 870 (2017). Therefore, while the defendant's right

to a jury trial is an inviolable constitutional right, unless the trial court properly "consents" to the defendant's properly executed request to waive the right, the defendant's "right" to waive a jury trial is not a constitutional right—it is a conditional exception to the constitutional right to a jury trial. A defendant's conforming request for waiver is ultimately either granted or denied by the discretionary ruling of the trial judge. This Court also has the duty, *ex mero motu* if necessary, to ensure a defendant's right to a jury trial has not been violated. *Hudson*, 280 N.C. at 78, 185 S.E.2d at 192. This Court has no such duty to ensure a defendant's "right" to waive a jury trial has not been violated, because the "right" to a bench trial is not a fundamental constitutional right, it is a restricted "right" that may only be "consented to" by the trial court if the constitutional and statutory requirements for waiver have been met.

## 2. Prejudice

It is true that some errors are so minor or unlikely to be prejudicial that they are deemed "technical violations," and may not warrant review under constitutional standards. However, the mere fact that this Court finds an error is based upon a statutory violation does not mean the statutory violation cannot *also* constitute a violation of art. I, § 24, or any other constitutional right, and potentially constitute structural error requiring reversal *per se*. *See Thompson*, 359 N.C. at 87, 604 S.E.2d at 860; *State v. Bozeman*, 115 N.C. App. 658, 661-62, 446 S.E.2d 140, 142-43 (1994)

(holding violation of N.C.G.S. § 15A-1022 was both a statutory and constitutional violation, requiring the State to prove the defendant was not prejudiced). As a general matter, when a defendant shows that a constitutionally mandated statutory requirement has been violated, the heightened review applied to constitutional violations is applied. N.C.G.S. § 15A-1443(b) (2019) ("A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless."). However, if the "constitutional violation necessarily rendered the criminal trial fundamentally unfair or unreliable as a vehicle for determining guilt or innocence[,]" such as a violation of the right to a jury trial decided by the same twelve jurors, the error is deemed structural, and reversal is required without any additional prejudice review. *See Garcia*, 358 N.C. at 410, 597 S.E.2d at 745 (citations omitted); N.C.G.S. § 15A-1443(a) ("Prejudice also exists in any instance in which it is deemed to exist as a matter of law or error is deemed reversible per se."); *but see State v. Rutledge*, __ N.C. App. __, __, 832 S.E.2d 745, 748 (2019) (citations omitted) ("N.C. Gen. Stat. § 15A-1201(d)(1) requires the trial court to: '[a]ddress the defendant personally and determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury.' No other specific inquiries are required in the statute to make the determination of

17

Defendant's understanding and appreciation of the consequences 'to waive his trial by jury.' This Court will not read such further specifications into law.").[7]

## II. Defendant's Attempted Waiver

The first statutory requirement for a constitutional waiver of a defendant's right to a jury trial under art. I, § 24 is proper notice of the defendant's intention to waive that right, as required by N.C.G.S. § 15A-1201(c). This requirement not only protects the State's right to timely notice of the defendant's request, it also protects the defendant's right to fully consider the consequences of waiver of the right before the trial court conducts a hearing in which it may accept the defendant's waiver, and ultimately bind the defendant to a trial without a jury.

The General Assembly's intent to provide defendants with a period of time to consider the serious consequences of waiver even after notice has been given is evidenced in N.C.G.S. § 15A-1201(e): "Once waiver of a jury trial has been made and consented to by the trial judge pursuant to subsection (d) of this section, the defendant may revoke the waiver one time as of right within 10 business days of the defendant's initial notice[.]" N.C.G.S. § 15A-1201(e). The record before us does not indicate when or if Defendant was arraigned prior to trial; whether Defendant waived arraignment in superior court; when Defendant's trial date was set; when the District

---

[7] The analysis in *Rutledge* does not consider that a statute allowing waiver of a constitutional right must, if possible, be read to include all elements required to constitutionally waive that right when any of these factors are not expressly included in the language of the statute. *See State v. Strickland*, 27 N.C. App. 40, 42–3, 217 S.E.2d 758, 760 (1975).

Attorney calendared Defendant's case; or the exact time the calling of the calendar occurred. This Court could, and possibly should, locate and take judicial notice of any relevant documents or other evidence in the lower court's files in order to determine whether Defendant properly gave notice pursuant to any of the three methods set forth in N.C.G.S. § 15A-1201(c). *Hudson*, 280 N.C. at 78, 185 S.E.2d at 192 (we must, *ex mero motu*, take notice of a fatal defect appearing upon the face of the record); *but see State v. Monk*, 132 N.C. App. 248, 254, 511 S.E.2d 332, 336 (1999) (citation omitted) (because "defendant failed to include in the record on appeal copies of the [necessary documents] . . ., . . . this Court [is prevented] from . . . effective review"). However, because this Court has not taken judicial notice of these events, I proceed on the record before us.

There are three options for notice of a defendant's intent to waive a jury trial, requirements precedent, set forth in N.C.G.S. § 15A-1201(c), at least one of which must be met before the trial court can conduct a hearing and make its discretionary decision to either grant or deny the defendant's request for waiver of the right to a jury trial. Because I do not believe, based on the record before us, that Defendant complied with any of these constitutional requirements, I would reverse and remand for a new trial.

A. *N.C.G.S. § 15A-1201(c)(1) – Stipulation*

N.C.G.S. § 15A-1201(c)(1) allows notice by "[s]tipulation, which may be conditioned on each party's consent to the trial judge, signed by both the State and the defendant and served on the counsel for any co-defendants." N.C.G.S. § 15A-1201(c)(1). The use of the word "may" suggests judicial discretion. N.C.G.S. § 15A-1201(c)(1). Although this subsection does not include any specific time requirements,[8] I read this subsection as *requiring* the stipulation be "signed by both the State and the defendant and served on the counsel for any co-defendants." The plain language of this section suggests the discretion of the trial court is limited to whether it will require the defendant and the State to *verbally express* their consent to stipulation in open court—the trial court could choose to rely on the stipulation, signed by the defendant and the State, as conforming notice of the defendant's intent to waive a jury trial. *Id.* In order to ensure a proper record, filing a notice by stipulation would seem the best practice. At a minimum, the record should show that the defendant and the State timely executed a stipulation of the defendant's intent to waive a jury trial, signed by the defendant and the State, that was accepted by the trial court prior to conducting the "open court" hearing required by N.C.G.S. § 15A-1201(d).

In this case, although the State indicated in open court that Defendant had notified the State of Defendant's intent to waive, and that the State consented to a

---

[8] Therefore, waiver by stipulation at trial is not *specifically* precluded by the language of N.C.G.S. § 15A-1201(c)(1).

bench trial, there is no *record evidence* that a written stipulation was actually entered into, much less a stipulation signed by Defendant and the State. Therefore, on the record before us, I do not believe this Court can find that Defendant gave proper notice of his intent to waive his right to a jury trial by stipulation under N.C.G.S. § 15A-1201(c)(1).

### B. *N.C.G.S. § 15A-1201(c)(2) – Filing Written Notice*

Subsection (c)(2) requires a defendant to "[f]il[e] a written notice of intent to waive a jury trial with the court and serv[e the written notice] on the State and counsel for any co-defendants[.]" N.C.G.S. § 15A-1201(c)(2). Unlike stipulation, section (c)(2) does not require the consent of the State. Defendant must serve the written notice "on the State and counsel for any co-defendants within the earliest of (i) 10 working days after arraignment, (ii) 10 working days after service of a calendar setting under G.S. 7A-49.4(b), or (iii) 10 working days after the setting of a definite trial date under G.S. 7A-49.4(c)." *Id.* Although the pretrial discussion in the transcript in this case implies the existence of some form of written notice, there is no record evidence Defendant executed any document indicating his intent to waive his right to a jury trial, much less a "written notice of intent to waive a jury trial" filed with the clerk of superior court. *Id.* Therefore, on the record before us, I also do not believe this Court can find that Defendant gave proper notice of his intent to

21

waive his right to a jury trial by filing written notice pursuant to N.C.G.S. § 15A-1201(c)(2).

### C. *N.C.G.S. § 15A-1201(c)(3) – Oral Notice in Open Court*

The majority opinion recognizes that "it is unclear how Defendant first provided notice of his intent to waive his right to a jury trial pursuant to N.C. Gen. Stat. § 15A-1201(c)." However, because it does not further address N.C.G.S. § 15A-1201(c), and focuses its analysis exclusively on N.C.G.S. § 15A-1201(d), the majority opinion apparently determines the notice provisions of N.C.G.S. § 15A-1201(c) were met in this case. Pursuant to N.C.G.S. § 15A-1201(c), oral "notice of intent to waive a jury trial on the record in open court" *must* be given "by the *earlier* of (i) the time of arraignment or (ii) the calling of the calendar under G.S. 7A-49.4(b)[.]" N.C.G.S. § 15A-1201(c)(3) (emphasis added). Defendant was issued a citation on 12 January 2018 for violation of N.C.G.S. § 20-141(j1), driving over 80 miles per hour, a Class 3 misdemeanor, and for violation of N.C.G.S. § 20-140, reckless driving, a Class 2 misdemeanor. At Defendant's district court trial, the State voluntarily dismissed the reckless driving charge, but Defendant was found guilty of the speeding charge on 26 July 2018.[9]

---

[9] There is conflicting evidence in the record concerning whether Defendant pleaded guilty to the speeding misdemeanor in district court or was convicted after a bench trial.

From the transcript, it appears the trial judge had not been involved in Defendant's case prior to the trial in superior court. The State informed the trial court:

> [THE STATE]: Your Honor, whenever you are ready, we can address Mr. Demon Hamer, which is margin nine. He is charged with speeding 94 in a 65 and reckless driving.
>
> THE COURT: All right. So this is a bench trial; correct?
>
> [THE STATE]: Yes, sir. And I understand it –
>
> [DEFENDANT'S COUNSEL]: Yes, Your Honor.
>
> . . . .
>
> THE COURT: Okay. So first of all, just technically, the defendant is waiving a jury trial?
>
> [DEFENDANT'S COUNSEL]: That's correct, Your Honor.
>
> THE COURT: Okay. And I presume that there is a statute that allows that?
>
> [DEFENDANT'S COUNSEL]: That is correct, Your Honor. We have – the State and I have – the State has consented. We have – there is no disagreement about the bench trial.
>
> THE COURT: Is it the same statute that says that Class I felonies can be waived? Is it under that same statute?
>
> [DEFENDANT'S COUNSEL]: If I'm not mistaken, Your Honor –
>
> THE COURT: I know that one requires the consent of the State.
>
> . . . .

23

[THE STATE]: Your Honor, I believe it's controlled by 15A-1201 –

THE COURT: Okay. Which does allow waiver of trial in a misdemeanor?

[THE STATE]: That's correct, Your Honor.

. . . .

[DEFENDANT'S COUNSEL]: It's 15A-1201 subsection (b).

THE COURT: Thank you, sir. So just as a technical matter, this is a – so that [Defendant's Counsels purported request to waive Defendant's right to a jury trial] – that's accepted by the Court under that statute since the State consents.

"Arraignment consists of bringing a defendant in open court or . . . [via "audio and video transmission," N.C.G.S. § 15A-941(b),] before a judge having jurisdiction to try the offense, advising [the defendant] of the charges pending against him, and directing him to plead." N.C.G.S. § 15A-941(a) (2019). A defendant would normally be arraigned at an administrative hearing or at other some other pretrial appearance "in open court[.]" N.C.G.S. § 15A-941(a). However, a formal arraignment is only required if the defendant files a timely "written request with the clerk of superior court[.]" N.C.G.S. § 15A-941(d). "If the defendant does not file a written request for arraignment, then the [trial] court shall enter a not guilty plea on behalf of the defendant." *Id.* The record in this case does not indicate whether Defendant timely requested a formal arraignment; if so, whether and when formal arraignment

24

occurred; if not, whether and when the trial court "enter[ed] a not guilty plea on behalf of the defendant." *Id.* As a general matter, the lack of evidence in the record demonstrating Defendant was arraigned prior to trial does not, on its own, necessarily demonstrate error, or any prejudicial error. *State v. McCotter*, 288 N.C. 227, 234–35, 217 S.E.2d 525, 530 (1975). In this case, however, this lack of record evidence prevents this Court from determining the point during Defendant's criminal proceedings after which Defendant was prohibited by N.C.G.S. § 15A-1201 from requesting waiver of a jury trial.

Based only on the record before this Court, the first evidence that Defendant was advised of the potential consequences he faced if convicted of the speeding charge was during his trial, *after the close of the State's evidence*, when the trial court asked Defendant:

> [THE COURT]: [Y]ou understand that the State has dismissed the careless and reckless driving. The only allegation against you is the speeding, and that is a Class III misdemeanor. It does carry a possible fine. And under certain circumstances it does carry possibility of a 20-day jail sentence. Do you understand that?
>
> DEFENDANT: Yes, sir.

"Criminal cases in superior court shall be calendared by the district attorney at administrative settings according to a criminal case docketing plan developed by the district attorney for each superior court district[.]" N.C.G.S. § 7A-49.4(a) (2019); *but see Simeon v. Hardin*, 339 N.C. 358, 376, 451 S.E.2d 858, 870 (1994) (even though

25

the statute gives the district attorney the authority to calendar cases for trial, the trial court has the ultimate authority over managing the trial calendar).  Further, pursuant to § 7A-49.4(f):

> Order of Trial. – The district attorney, after calling the calendar and determining cases for pleas and other disposition, shall announce to the court the order in which the district attorney intends to call for trial the cases remaining on the calendar.

N.C.G.S. § 7A-49.4(f).  That Defendant's trial was calendared, and the calendar was called, is evident by the fact that Defendant was tried and convicted.  Absent evidence to the contrary, our Court presumes that Defendant's case was calendared, and that the calendar was called before any of the calendared cases were brought to trial.  "'Where the record is silent on a particular point, the action of the trial court will be presumed correct.'"  *State v. Ali*, 329 N.C. 394, 412, 407 S.E.2d 183, 194 (1991) (citation omitted).

Therefore, if Defendant was arraigned prior to trial, he was required to give notice of his intent to waive a jury trial at or before his arraignment.  N.C.G.S. § 15A-1201(c)(3).  If Defendant was not arraigned prior to trial, Defendant was required to give notice of his intent to waive in open court *no later than* "the calling of the calendar under G.S. 7A-49.4(b)[,]" because the calling of the calendar would be the "earlier" event pursuant to § 15A-1201(c)(3).  N.C.G.S. § 15A-1201(c)(3) (emphasis added) (a defendant must give oral "notice of intent to waive a jury trial on the record

in open court *by the earlier* of (i) the time of arraignment or (ii) the calling of the calendar under G.S. 7A-49.4(b) or G.S. 7A-49.4(c)"). There is not a method by which a defendant can first request waiver of the right to a jury trial at trial, and comport with the constitutional waiver requirements of N.C.G.S. § 15A-1201(c), as the trial can only occur *after* the calling of the calendar, which, pursuant to N.C.G.S. § 15A-1201(c)(3), is *the latest* a defendant could possibly give notice of intent to waive. N.C.G.S. § 15A-1201(c)(3). Because, on the record evidence in this case, Defendant's purported oral notice of his intent to waive a jury trial was given, if at all, after the calling of the calendar, it was untimely pursuant to N.C.G.S. § 15A-1201(c)(3), and Defendant's request should not have been considered by the trial court. *Id.*

"A defendant seeking to waive the right to trial by jury under subsection (b) of this section *shall* give notice of intent to waive a jury trial by" one of the "methods" set forth in subsections (c)(1), (c)(2), or (c)(3). N.C.G.S. § 15A-1201(c)(3). There is no record evidence that Defendant gave notice of his intent to waive a jury trial by any of the accepted methods set forth in N.C.G.S. § 15A-1201(c)(3). The majority opinion acknowledges that "it is unclear how Defendant first provided notice of his intent to waive his right to a jury trial pursuant to N.C. Gen. Stat. § 15A-1201(c)[,]" but it does not appear to find any error, including constitutional error, despite the lack of record evidence that Defendant provided any constitutionally sufficient notice of his intent to waive his fundamental right to a jury trial. N.C.G.S. § 15A-1201(c)(3).

D. *N.C.G.S. § 15A-1201(d)—Judicial Consent to Waiver*

Absent proper notice of Defendant's intent to waive a jury trial, I do not believe the trial court could constitutionally "consent" to the requested waiver. I believe Defendant's deficient request for a bench trial should have been denied by the trial court, and I would hold that allowing Defendant's trial to proceed as a bench trial constituted a denial of Defendant's right to a jury trial and, therefore, structural error.

N.C.G.S. § 15A-1201(d) states in part:

> Upon notice of waiver by the defense *pursuant to subsection (c)* of this section, the State *shall schedule the matter to be heard in open court to determine whether the judge agrees to hear the case without a jury*. The decision to grant or deny the defendant's request for a bench trial shall be made by the judge who will actually preside over the trial.

N.C.G.S. § 15A-1201(d) (emphasis added). This subsection first requires that any notice of intent to waive must be made "pursuant to subsection (c)[.]" Therefore, Defendant's notice of intent to waive a jury trial in this case was invalid because it was not given "pursuant to subsection (c)[.]" *Id.* Defendant's request to waive should have been denied for this reason alone. N.C.G.S. § 15A-1201(d). Subsection (d) also *requires* the State to schedule a hearing so that, prior to the trial, the trial judge that will later preside over the trial can properly "determine whether th[at] judge agrees to hear the case without a jury[.]" *Id.*

Subsection (d)(1) also requires that the trial court:

28

> Address the defendant personally and determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury.

N.C.G.S. § 15A-1201(d)(1). Based on the record before us, I agree with the majority opinion "that the trial court erred by failing to conduct the statutorily mandated colloquy with Defendant before consenting to his waiver of the right to trial by jury, in violation of N.C. Gen. Stat. § 15A-1201(d)."

The State presented its case and rested. Defendant's counsel stated that he did not have any motions for the record at that point but asked the trial court "to take judicial notice and for me to be heard" concerning "some evidence." The trial court then interrupted the trial:

> THE COURT: Okay. Hold on just one second. And we will do that. I was just reading . . . 15A-1201, *we complied completely with that statute with the exception* of the fact that I'm supposed to *personally address the defendant and ask if he waives a jury trial and understands the consequences of that.* Would you just explain that to your client.
>
> (Pause in proceedings while [Defendant's attorney] consulted with the defendant.)
>
> [DEFENDANT'S ATTORNEY]: Okay, Your Honor.
>
> . . . .
>
> THE COURT: Mr. Hamer, I just have to comply with the law and ask you a couple of questions. That statute allows you to waive a jury trial. That's 15A-1201. Your [attorney]

29

has waived it on your behalf. The State has consented to that. Do you consent to that also?

DEFENDANT: Yes, sir.

THE COURT: And you understand that the State has dismissed the careless and reckless driving. The only allegation against you is the speeding, and that is a Class III misdemeanor. It does carry a possible fine. And under certain circumstances it does carry possibility of a 20-day jail sentence. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: All right. Is that acceptable to you?

DEFENDANT: Yes, sir. *I feel confident it was.*

THE COURT: Thank you so much. You may have a seat.

(Emphasis added). I can find no precedent that would allow the waiver of the constitutional right to a jury trial after the trial has commenced; in fact, after the State had rested. Further, I do not agree that the trial court's inquiry was sufficient to meet the requirements of N.C.G.S. § 15A-1201(d) and art. I, § 24, even had it occurred prior to trial.

E. *Conclusion – Art. I, § 24 and N.C.G.S. § 15A-1201*

The record evidence[10] is that Defendant did not request waiver in compliance with the requirements of N.C.G.S. § 15A-1201(c), as constitutionally mandated by

---

[10] When the trial court ensures waiver of a fundamental right has been done knowingly and voluntarily, and otherwise in accordance with constitutional mandates, it "leaves a record adequate for any review that may be later sought, and forestalls the spin-off of collateral proceedings that seek

art. I, § 24. The State's duty to ensure the issue of waiver was timely considered by the trial court was not met. N.C.G.S. § 15A-1201(d). The State did not "schedule the matter to be heard in open court to determine whether the judge agree[d] to hear the case without a jury" as required by N.C.G.S. § 15A-1201(d) and art. I, § 24. The trial court did not, prior to trial, "[a]ddress [D]efendant personally and determine whether [D]efendant fully underst[ood] and appreciate[d] the consequences of [D]efendant's decision to waive the right to trial by jury" before it "consent[ed] to [D]efendant's waiver of the right to a trial by jury" as required by N.C.G.S. § 15A-1201(d)(1) and art. I, § 24.

It is not clear that the trial court conducted an inquiry to determine whether Defendant was requesting waiver of a fundamental right "knowingly and voluntarily" as required by both art. I, § 24 and N.C.G.S. § 15A-1201(b). I do not find the brief questioning of Defendant, even had it occurred at a constitutionally appropriate time, to have been sufficient to establish Defendant fully understood his fundamental right to a jury trial and the potential consequences of waiving that right. I do not believe the trial court's inquiry was sufficient under N.C.G.S. § 15A-1201, art. I, § 24, and precedent of our Supreme Court to ensure Defendant's waiver was done knowingly and voluntarily. N.C. Const. art. I, § 24; N.C.G.S. § 15A-1201; *see also State v. Hyatt*, 132 N.C. App. 697, 700, 702-03, 513 S.E.2d 90, 93-94 (1999).

---

to probe murky memories." *Boykin v. Alabama*, 395 U.S. 238, 243-44, 23 L. Ed. 2d 274, 280 (1969) (citations omitted).

Most importantly, I do not believe Defendant could constitutionally waive his right to a jury trial in the middle of the trial, nor that the trial court had the constitutional authority to "consent" to any such requested waiver after Defendant's trial had begun—absent declaring a mistrial and proceeding anew. I agree with the majority opinion that "a plain reading of N.C. Gen. Stat. § 15A-1201 'leaves no doubt that the legislature intended to place' certain responsibilities on, and require specific acts by, the presiding judge in considering a defendant's waiver of the right to a jury trial. [(*In re E.D.*, 372 N.C. 111, 121, 827 S.E.2d 450, 457 (2019) (citations and quotation marks omitted)]." The entire portion of the trial where the State presented its evidence was conducted with no jury and no constitutionally sufficient waiver of Defendant's right to a jury trial, *i.e.*, it was conducted without any constitutionally constituted trier of fact. In my opinion, it was not possible for the trial court to satisfy the requirements of N.C.G.S. § 15A-1201, art. I, § 24, and relevant precedent after more than half of Defendant's trial had already been conducted. There was structural error in Defendant's trial, and the judgment in this matter must be arrested. *Boderick*, 258 N.C. App. at 524–25, 812 S.E.2d at 895 (citations omitted) ("Because the fact-finder in the present case was 'improperly constituted' for purposes of N.C. Const. art. I, § 24 in that it consisted of a single trial judge rather than twelve unanimous jurors, 'automatic reversal is required.'").

### III. *State v. Swink* and its Progeny

The majority opinion, understandably, relies primarily on this Court's opinion in *Swink*, an opinion in which I participated as a panel member. *Swink*, 252 N.C. App. 218, 797 S.E.2d 330. For several reasons, I do not believe we are bound, on the facts before us, by the section in *Swink* analyzing N.C.G.S. § 15A-1201(d). The majority opinion states:

> In order to prove that the trial court erred by accepting his waiver of the right to a jury trial, Defendant must show (1) that the trial court violated the waiver requirements set forth in N.C. Gen. Stat. § 15A-1201, and (2) that Defendant was prejudiced by the error. *State v. Swink*, 252 N.C. App. 218, 221, 797 S.E.2d 330, 332 (2017).

(Citation omitted). Although I agree with the first part of this citation, as applied to this case, I disagree with the second.

In *Swink*, this Court held the trial court had the constitutional *authority* to consent to the defendant's waiver of a jury trial because the defendant's request was made and decided after the effective date of the 2014 amendments of both art. I, § 24, and N.C.G.S. § 15A-1201:[11]

> [T]he 2 March 2015 hearing [on the defendant's waiver request] served the same function as an arraignment. Accordingly, we conclude . . . that "because [the d]efendant's arraignment occurred after the effective date of the constitutional amendment and accompanying session law, the trial court was constitutionally authorized to accept Defendant's waiver of his right to a jury trial."
>
> . . . .

---

[11] But before the 2015 amendments to N.C.G.S. § 15A-1201 went into effect, so N.C.G.S. §§ 15A-1201(c) through (f) were not applicable in that defendant's case.

> Although the North Carolina Constitution as amended *now* provides that the exercise of the waiver is "subject to procedures prescribed by the General Assembly," N.C. Const. art. I, § 24, we note that *the General Assembly had not prescribed any specific procedures for waiver of jury trial that would have been effective at the time defendant's waiver was made to the trial court in this case.* A subsequent amendment to N.C. Gen. Stat. § 15A-1201 (2015) does contain further guidance on the waiver procedure that "applies to defendants waiving their right to trial by jury on or after [October 1, 2015]." We[, however,] rely upon existing law in analogous situations to resolve this case, while *acknowledging the limited scope of cases for which this may be applicable.*

*Swink*, 252 N.C. App. at 222, 224 n. 2, 797 S.E.2d at 333, 334 n. 2 (citations omitted) (emphasis added). Unlike in *Swink*, the case before us, in part, concerns alleged violations of not only N.C.G.S. § 15A-1201(b), but also N.C.G.S. §§ 15A-1201(c) and (d), which were not in effect when this Court decided *Swink*. In addition, in *Swink we did not conduct any constitutional analysis* of the alleged violations of N.C.G.S. § 15A-1201.[12] Therefore, I do not believe *Swink* is controlling authority in this case, in which Defendant argues constitutional violations of his right to a jury trial, in part based on N.C.G.S. §§ 15A-1201(c) and (d).

However, although this Court in *Swink* had already held the trial court had not committed any error, it also included an "*arguendo*" analysis of the defendant's

---

[12] Compare this Court's analysis of the defendant's N.C.G.S. § 15A-1201(d) argument with its analysis of the defendant's "knowingly and voluntarily" argument. This Court clearly conducted a constitutional analysis based on art. I, § 24 in the latter, but not in the former. *Swink*, 252 N.C. App. at 220, 223, 797 S.E.2d at 332, 334.

prejudice arguments. *Swink*, 252 N.C. App. at 222, 797 S.E.2d at 333 (citation omitted) ("even if we assumed there was a violation of the statute, defendant has not met the second prong of the standard: prejudice"). Because this Court only considered an alleged violation of the statute itself, without consideration of whether such an error would also constitute a violation of art. I, § 24, this Court's analysis was based entirely on whether the defendant could prove prejudice based upon a purely statutory error, under the regular prejudice standard set forth in N.C.G.S. § 15A-1443. N.C.G.S. § 15A-1443(a) ("A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States[, or the constitution of this State,] when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant."); *See also Swink*, 252 N.C. App. at 222–23, 797 S.E.2d at 333.

I do not believe the following reasoning in *Swink* controls the case before us:

> Defendant argues that the "denial of the right to a jury trial is a structural error requiring automatic reversal without a showing of prejudice." But the cases defendant cites involve fatal *constitutional* errors depriving the defendant of his or her *constitutional right to a jury trial, rather than* the intentional *waiver of a statutory right* to a jury trial, *which is what is at issue here.*

*Swink*, 252 N.C. App. at 222–23, 797 S.E.2d at 333 (emphasis added).

In general, if an error violates a constitutional requirement, the prejudice analysis is controlled by N.C.G.S. § 15A-1443(b). N.C.G.S. § 15A-1443(b) ("A violation of the defendant's rights under the Constitution of the United States[, or the constitution of this State,] is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless."). However, as discussed above, when an error fundamentally corrupts the trial process itself, such as a violation of a defendant's right to be tried by a jury of twelve, the error is structural, and the defendant need not demonstrate any additional prejudice. *Poindexter*, 353 N.C. at 444, 545 S.E.2d at 416 (citation omitted) ("A trial by a jury that is improperly constituted is so fundamentally flawed that the verdict cannot stand." Once it is determined that such a fundamental flaw exists, the "case is not subject to harmless error analysis; and [the] defendant is entitled to a new trial."). Such structural errors are recognized in the last sentence of N.C.G.S. § 15A-1443(a): "Prejudice also exists in any instance in which it is deemed to exist as a matter of law or error is deemed reversible per se." N.C.G.S. § 15A-1443(a). In *Swink*, this Court clearly stated: "As we have concluded in this case that no constitutional error occurred, defendant's argument regarding structural error has no merit here." *Id.* at 223, 797 S.E.2d at 334. The cases relied upon for this Court's prejudice analysis in *Swink* did not involve structural error. *Swink*, 252 N.C. App. at 221, 797 S.E.2d at 332. Unlike in *Swink*,

the decision now before us requires this Court to conduct a constitutional analysis involving the alleged violation of the art. I, § 24 right to a trial by jury.

*Swink* is cited in two subsequent opinions of this Court: *Boderick*, 258 N.C. App. 516, 812 S.E.2d 889, and *Rutledge*, __ N.C. App. __, 832 S.E.2d 745. I do not believe either controls the outcome of this case. In *Boderick*, the trial court "consent[ed] to a bench trial based on the written stipulation of [the defendant and the State]. The parties so stipulated, and [the] bench trial began on 18 March 2016[,]" resulting in the defendant's conviction. *Boderick*, 258 N.C. App. at 521, 812 S.E.2d at 893. This Court recognized that "[t]he trial court's *authority to consent to [a] bench trial derived from a recent amendment to Article I, Section 24[.]*" *Id.* (emphasis added). Because the defendant "was arraigned [in] February 2014" and "the constitutional amendment permitting waiver of a jury trial only applie[d] to defendants who [we]re arraigned on or after 1 December 2014[,]" *id.*, this Court held that the trial court's "consent" to the defendant's stipulation to waive the right to a jury trial constituted structural error.

> Because the fact-finder in the present case was "improperly constituted" for purposes of N.C. Const. art. I, § 24 (2014) in that it consisted of a single trial judge rather than twelve unanimous jurors, "automatic reversal is required." Despite the trial court's patient efforts to accommodate defendant, defendant is entitled to a new trial, by jury.

*Id.* at 524–25, 812 S.E.2d at 895 (citation omitted). However, in distinguishing the facts before it from those in *Swink*, this Court used language, emphasized below, that could be misinterpreted if not read in context:

> In contrast to the defendant in *Swink*, at the time defendant was arraigned, amended Article I, Section 24 had not gone into effect and had not been codified. Thus, *the error that defendant asserts on appeal regarding the waiver of his right to a jury trial is constitutional in nature, rather than statutory.* The applicable version of Article I, Section 24 required that defendant not "be convicted of any crime but by the unanimous verdict of a jury in open court." However, defendant was not convicted by the unanimous verdict of a jury.

*Id.* at 524, 812 S.E.2d at 895 (citation omitted) (emphasis added). Initially, because this statement was not necessary to the ultimate decision in *Boderick*, it is *dicta*. Further, the Court was illuminating the distinction between the analysis done in *Swink*, which was expressly limited to a review of alleged statutory violations, and the analysis before the Court in *Boderick*, which was solely based upon the constitutional requirements of the pre-amendment version of art. I, § 24 applicable in that case. *Id.* at 523, 812 S.E.2d at 894. In the case now before this Court, the "applicable version of Article I, Section 24" "required that [D]efendant [was] not '[] convicted of any crime but by the unanimous verdict of a jury in open court'" *unless* Defendant, "in writing or on the record in the court and with the consent of the trial judge, waive[d] jury trial, subject to procedures prescribed by [N.C.G.S. § 15A-1201]." N.C. Const. art. I, § 24.

*Swink* was again cited in *Rutledge*, where, although the defendant couched his argument in constitutional terms, the defendant's argument was in fact limited to alleged statutory violations—the defendant did not argue the violation of his constitutional right to a jury trial pursuant to art. I, § 24, and this Court did not conduct any constitutionally based review. *Rutledge*, __ N.C. App. at __, 832 S.E.2d at 747 (citations omitted) ("The sole issue on appeal is whether the trial court erred in granting Defendant's request to waive a jury trial . . . in violation of N.C. Gen. Stat. § 15A-1201 (2017)." "The Court conducts a *de novo* review of a question of law to determine whether a trial court has violated a statutory mandate."). This Court's analysis in *Rutledge* was conducted under the heading: "A. Statutory Violation." *Id.* I do not believe *Rutledge* controls this case.

I note, however, that language in *Rutledge* does not align with the statutory requirements of N.C.G.S. § 15A-1201 as I understand them. Although I do not believe *Rutledge* controls this case—because our review is of an alleged constitutional error and that in *Rutledge* was of an alleged statutory error—the majority opinion adopts the statutory analyses in *Swink*, *Boderick*, and *Rutledge* for application to the constitutional arguments in this case. Therefore, I believe it necessary to address my concerns.

In *Rutledge*, this Court appears to limit its analysis to the "filing of notice of waiver" pursuant to N.C.G.S. § 15A-1201(c)(2). *Id.* N.C.G.S. § 15A-1201(c)(2) states

that the filing must be done "within the earliest of (i) 10 working days after arraignment, (ii) 10 working days after service of a calendar setting under G.S. 7A-49.4(b), or (iii) 10 working days after the setting of a definite trial date under G.S. 7A-49.4(c)." N.C.G.S. § 15A-1201(c)(2). This Court noted: "Nothing in the record before us indicates when either the calendar setting . . . or the setting of the definite trial date [both of which are relevant events for filing written notice pursuant to N.C.G.S. § 15A-1201(c)(2)] . . . occurred in this case." *Rutledge*, __ N.C. App. at __, 832 S.E.2d at 747.

However, because the calendar had to have been set *prior to trial*, whereas the defendant's arraignment occurred *at trial*, this Court does not have to know the exact date service of the calendar occurred to determine "the earliest of" "10 working days after service of a calendar setting under G.S. 7A-49.4(b)," or "10 working days after [the defendant's] arraignment." N.C.G.S. § 15A-1201(c)(2).

Nonetheless, at the start of the defendant's trial "[t]he court and [the d]efendant signed form AOC-CR-405 ('Waiver of Jury Trial form'). The document was not signed by the State[,]" but the State consented to waiver. *Rutledge*, __ N.C. App. at __, 832 S.E.2d at 746–47. "After the waiver was entered, [the d]efendant's attorney requested that [the d]efendant be arraigned. After arraignment, [the d]efendant's trial began." *Id.* at __, 832 S.E.2d at 747. This Court reasoned that because a written request for waiver was submitted to the trial court prior to the defendant's formal

40

arraignment,[13] which occurred at trial because "[a]pparently, a formal arraignment was not requested by [the d]efendant at any time prior to the scheduled trial date[,]" *id.* at __, 832 S.E.2d at 748, there was no violation of the notice requirements found in N.C.G.S. § 15A-1201(c). This Court in *Rutledge* established an additional manner of complying with the notice requirements of N.C.G.S. § 15A-1201(c):

> The filing of a written notice of intent to waive a jury trial on the date of the arraignment and subsequent trial is proper where: (1) the defendant gives notice of his intent to waive his right to a jury trial at the date of trial; (2) consent is given to waive jury trial by both the trial court and the State; and (3) the defendant invites noncompliance with the timeline requirements of N.C. Gen. Stat § 15A-1201(c) by his own failure to request a separate arraignment prior to the date of trial. *See* N.C. Gen. Stat § 15A-1201.

*Rutledge*, __ N.C. App. at __, 832 S.E.2d at 748.

I am uncertain how N.C.G.S. § 15A-1201 serves as support for this additional judicially created method of giving notice pursuant to N.C.G.S. § 15A-1201(c). This new "procedure," in my opinion, serves to undermine a defendant's right to a jury trial in that it converts a defendant's failure to give the notice required by subsection (c) from a requirement precedent to the *waiver* of a defendant's fundamental right to a jury trial into a requirement precedent to the *protection* of a defendant's right to a jury trial. The *Swink* "amendment" to the requirements of N.C.G.S. § 15A-1201(c) abrogates the trial court's duty to ensure that a defendant's constitutional right to a

---

[13] Even though "after service of [the] calendar setting[.]" N.C.G.S. § 15A-1201(c)(2).

jury trial has been properly waived; instead placing the burden on a defendant to preserve that fundamental right. I believe the relevant question is simply whether the defendant complied with N.C.G.S. § 15A-1201(c). If the defendant did comply with the notice requirements, the trial court could have then proceeded to determine whether it should "consent" to the waiver request. If a defendant fails to comply with N.C.G.S. § 15A-1201(c), I believe the "remedy" to this noncompliance, and the duty of the trial court, is to deny the defendant's waiver request, and proceed with a jury trial.

This Court also stated in *Rutledge*: "If Defendant wanted to waive his jury trial in accordance with [N.C.G.S. §] 15A-1201, he needed to request a formal arraignment prior to trial and deliver notice of intent to waive at either that arraignment time, or the time of the calling of the calendar. Defendant failed to do either." *Rutledge*, __ N.C. App. at __, 832 S.E.2d at 750. However, art. I, § 24 mandates that a defendant's waiver of the fundamental right to a jury trial must be done "in accordance with [N.C.G.S. §] 15A-1201." *Id.* There is no other constitutional procedure for a defendant to waive the right to a jury trial than that set forth in art. I, § 24 and, by incorporation, N.C.G.S. § 15A-1201. These requirements are for the protection of a defendant's right to a jury trial, they are not prerequisites for a defendant's right to appeal the issue.

42

I must also disagree with the statement in *Rutledge*, cited by the majority opinion, implying that the General Assembly has the power to determine the inquiry necessary for constitutional waiver of a fundamental constitutional right:

> "Neither N.C. Gen. Stat. § 15A-1201(d)(1) nor applicable case law has established a script for the colloquy that should occur between a superior court judge and a defendant seeking to exercise his right to waive a jury trial." *Rutledge*, __ N.C. App. at __, 832 S.E.2d at 748 (citations and internal quotation marks omitted). "No . . . specific inquiries are required in the statute to make the determination of [a] [d]efendant's understanding and appreciation of the consequences" of the decision to waive his right to trial by jury. *Id.*

The fact that the General Assembly has not established minimum standards for the trial court's inquiry when a defendant seeks to waive the right to a jury trial cannot mean that there are no standards. Such an interpretation would completely contradict the purposes of N.C.G.S. § 15A-1201 and art. I, § 24. Further, it is the courts, not the General Assembly, that must determine the baseline requirements for waiving a fundamental constitutional right.

Finally, this Court in *Rutledge* stated: "Presuming, without finding, the trial court's grant of Defendant's requested waiver was error under N.C. Gen. Stat. § 1201, Defendant has failed to and cannot show prejudice under N.C. Gen. Stat. § 15A-1443." *Rutledge*, __ N.C. App. at __, 832 S.E.2d at 750. Because this Court in *Rutledge* was only conducting a statutory review, not a constitutional one, the application of the general harmless error standard in N.C.G.S. § 15A-1443 was not, on its face,

incorrect. However, because there were constitutional issues that could not be separated from the statutory issues, it was the duty of this Court to address the constitutional issues *ex mero motu*. *Hudson*, 280 N.C. at 78, 185 S.E.2d at 192. The Court in *Rutledge* continued:

> The record is devoid of any indication tending to show a jury would have been privy to exculpatory evidence that this trial court did not consider. Defendant initiated and requested the waiver of a jury trial on the day of trial. Defendant made the strategic choice to request a bench trial and was informed of the potential consequences of his request and proceeded to trial. The trial court's grant of such request, even if it was shown to be in technical violation of N.C. Gen. Stat. § 15A-1201, was not prejudicial. Defendant's arguments are overruled.

*Rutledge*, __ N.C. App. at __, 832 S.E.2d at 750. As I have indicated above, I believe the violation of a defendant's right to a jury trial is structural error not requiring any showing of actual prejudice. Because *Rutledge* did not base its holdings on any constitutional analysis, I do not believe it controls this case. However, were this analysis from *Rutledge* applied to review of the fundamental art. I, § 24 right to a jury trial, the right would cease to exist in any meaningful way.

## IV. Conclusion

I would hold that Defendant's right to a trial by a properly constituted jury of twelve was violated, that this violation constituted structural error, and that a new trial is required. Along with violations of N.C.G.S. § 15A-1201 and the mandates of art. I, § 24, at least half of the trial was conducted without *any* properly constituted finder of fact. Although the majority opinion does not address Defendant's argument

that his waiver was not made "knowingly and voluntarily" "under our amended constitution" and N.C.G.S. § 15A-1201(b), I would hold that a waiver of the right to a jury trial cannot be "knowingly and voluntarily" made if the trial is going to proceed without any properly constituted finder of fact. I also disagree that a waiver can be "knowing and voluntary" after at least half of the trial has already been conducted. Finally, I would find the mid-trial inquiry insufficient to meet the requirements for waiver of a fundamental constitutional right.